UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO:

KYLIE WASHINGTON,

    Plaintiff,
v.

ELIYAHU HALALI, RANDOMESELSKY TRUST,
and RUSLANA HALALI,
as Trustee for Randomeselsky Trust,

    Defendants.
_____/

## COMPLAINT

Plaintiff, KYLIE WASHINGTON, by and through her undersigned counsel, and sues the Defendants, ELIYAHU HALALI, RANDOMESELSKY TRUST, and RUSLANA HALALI as Trustee for Randomeselsky Trust, and states the following:

### JURISDICTIONAL ALLEGATIONS

1. The Court has original jurisdiction over the action pursuant to 42 U.S.C. § 3604, because this lawsuit is brought under the Fair Housing Act, 42 U.S.C. § 3601 *et seq*.

2. Venue is proper in the Southern District of Florida, Broward Division, under 28 U.S.C. §1391(b) because the claim arose in this judicial district.

3. Plaintiff KYLIE WASHINGTON is a resident of Ft. Lauderdale, Florida and is otherwise *sui juris*.

4. Plaintiff KYLIE WASHINGTON was at all times material and continues to be a member of a protected class and identifies as a Black American.

5. KYLIE WASHINGTON is an aggrieved person, as defined by 42 U.S.C. § 3062.

6. The Defendant, RANDOMESELSKY TRUST ("TRUST") is the owner of the subject property at 1031 NE 13th Avenue, Ft. Lauderdale, FL 33304. The Trust is the recorded owner of the subject property and at all times pertinent to this cause, was leasing the property and doing business within the Southern District of Florida.

7. The Defendant, RUSLANA HALALI ("R. HALALI") is the Trustee of co-defendant RANDOMESELSKY TRUST and is a person subject to the Fair Housing Act under 42 U.S.C. § 3202. At all times pertinent R. HALALI personally acted on behalf of the Trust.

8. The Defendant, ELIYAHU HALALI (hereinafter "E. HALALI"), is a person under 42 U.S.C. § 3202 and was the listing agent of the subject property. E. HALALI was in a position to, and did, discriminate against Plaintiff. At all times pertinent, E. HALALI held himself out as the listing agent for Miami Realty Group Services, Inc., the purported listing agent for the subject property.

9. All Defendants were personally involved in each and every discriminatory act mentioned *infra* during their tenure as Trustee and listing agent.

10. All Defendants personally implemented and enforced the discriminatory denial of housing to the Plaintiff with actual knowledge or with reckless disregard of the illegality of such acts.

11. Defendant Trust and R. HALALI are principals, and E. HALALI is the agent of the principals. The principals are vicariously liable for the acts of their agent E. HALALI whom they hired to market the subject property.

Washington v. Halali, et al
Complaint for Injunctive Relief

## GENERAL ALLEGATIONS

12. On or about January 9, 2023, Plaintiff called E. HALALI to inquire about the subject property that she saw listed for rent on www.rent.com. The subject property is located at 1031 NE 13th Avenue in Ft. Lauderdale, FL. *Exhibit A*

13. Once, E. HALALI heard Plaintiff's voice and her last name. E. HALALI concluded that she was Black and told her the property was no longer available. However, was not true because the property was still listed Zillow, Trulia, Apartments.com., and other websites. Additionally, there was a price reduction on the subject property on January 7, 2023, just two days before Plaintiff made the initial inquiry. *Exhibit C*

14. Plaintiff decided to wait a couple of days before inquiring with E. HALALI again as she suspected she was being subjected to racial discrimination. On January 11, 2023, Plaintiff and a friend texted E. HALALI from another phone number as again inquired as to whether the subject property was available. E. HALALI said that the property was available. E. HALALI texted that the price was negotiable. Plaintiff arranged to see the property on the very next morning at 9:30 a.m., January 12, 2023. Please see text message exchange as *Exhibit B*.

15. Plaintiff and her friends (also a Black American) showed up for the appointment at the subject property. Plaintiff could immediately see the "disappointment and disgust" on E. HALALI'S face once her saw Plaintiff and her friend. E. HALALI refused to shake their hands and simply walked toward the property.

16. Once they were inside the property, E. HALALI was very cold to Plaintiff and her friends. E. HALALI barely spoke with them and showed little interest in providing a standard showing. In fact, he left Plaintiff to roam the property alone. When Plaintiff and her friend came downstairs, she asked E. HALALI why he seems disinterested in renting the property to her.

Plaintiff said, "Eli, do you not want to rent to me? Because I feel so discriminated against right now." E. HALALI answered, "The owner is very strict about certain ethnic groups. It's not me." Plaintiff answered, "But, that's discrimination. You can't do that!" E. HALALI just shrugged.

17. Plaintiff really liked the property; despite being made to feel unwelcome and suffering discrimination. To see if there was any chance to get the property, Plaintiff offered to pay E. HALALI a significant referral fee and pay for all of the rent a year ahead, if he could rent to her without the owner knowing her race. Plaintiff offered to pay Five Thousand Five Hundred dollars ($5,500) per month. E. HALALI indicated that it might be acceptable to the owner.

18. On January 14, 2023, Plaintiff and her two friends, all Black Americans, met with the owner. On information and belief, the "owner" was the trustee for the subject property RUSLANA HALALI ("R. HALALI").

19. During the meeting with R. HALALI, the trustee attempted to steer Plaintiff from the subject property asking, "Why would a young female like yourself want to stay here alone, unless you want to throw parties. I don't rent to young folks."

20. It was apparent to all parties that R. HALALI did not like Blacks, but R. HALALI confirmed the suspicion in a statement to a younger woman (Plaintiff believes that younger woman was RUSLANA HALALI's daughter) who was with her: "I told him NO BLACKS. I don't rent to them!"

21. The daughter looked embarrassed and stayed back while RUSLANA HALALI left. The daughter explained that she was also an owner of the subject property and agreed to accept $5,500.00 if all 12 months were paid in advance.

22. Plaintiff and friends left and called E. HALALI to confirm the conversation with the daughter and agreed to set a move in date for the following week.

23. The following day, E. HALALI texted to say that the owner would not rent to Plaintiff.

24. As a result of this discriminatory housing practice, Plaintiff has actual damages, psychological distress, mental anguish, grievous emotional distress, worry, frustration, and humiliation, loss of capacity for the enjoyment of life. These losses are either permanent or continuing in nature and Plaintiffs will suffer these losses in the future.

25. KYLIE WASHINGTON retained the Law Offices of J. Courtney Cunnigham, PLLC and has agreed to pay a reasonable fee for the services rendered herein.

**COUNT I – REFUSAL TO RENT OR NEGOTIATE FOR THE RENTAL OF A DWELLING AFTER THE MAKING OF A BONA FIDE OFFER**
**(42 U.S.C. § 3604(a), § 760.23(1), Fla. Stat.)**

26. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 above as though set forth herein.

27. Plaintiff is a member of a protected class and identifies as a Black American.

28. Plaintiff inquired about renting the subject property to Defendant E. HALALI, the listing agent for the subject property.

29. Realizing that Plaintiff was Black and a member of a protected class, Defendant E. HALALI told Plaintiff that the unit was rented when it was available to persons who were not Black Americans.

30. After meeting with Plaintiff, Defendant R. HALALI, trustee for the owner of the subject property, said that she did not rent to Blacks.

31. Defendant R. HALALI refused to rent to Plaintiff even after Plaintiff agreed to pay all of the twelve months of rent upfront.

32. Soon after Defendant R. HALALI refused to deal with Plaintiff on the basis of her race, Plaintiff warned that a possible Fair Housing action would be filed and within days of receiving the warning, the subject property was removed from listings.

33. Such actions by Defendants violated the Fair Housing Act and were committed in total and reckless disregard of Plaintiff's rights.

34. As a result of this discrimination, Plaintiff has actual damages, psychological distress, mental anguish, grievous emotional distress, worry, frustration, and humiliation, loss of capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

**COUNT II– MAKING OR CAUSING TO BE MADE A NOTICE OR STATEMENT WITH RESPECT TO THE RENTAL OF A DWELLING THAT INDICATES OR HAS THE INTENTION TO INDICATE PREFERENCE, LIMITATION, AND DISCRIMINATION BASED ON RACE AND COLOR**
(42 U.S.C. § 3604(c); §760.23(3), Fla. Stat.)

35. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 above as though fully set forth herein.

36. At all times relevant hereto, R. HALALI was the trustee of the Trust that owned the subject property.

37. While acting in the scope of her trustee responsibilities, R. HALALI said, in the presence of Plaintiff and others, "I told him NO BLACKS! I don't rent to them."

38. Plaintiff was injured and offended by the statement due to its clear indication of a racial preference against Black renters.

39. As a result of this discrimination, Plaintiff has actual damages, psychological distress, mental anguish, grievous emotional distress, worry, frustration, and humiliation, loss of

capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

### COUNT III—VIOLATION OF THE FAIR HOUSING ACT
### 42 U.S.C. § 3604 (d) and Fla. Stat. § 760.23(4)

40. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 above as though fully set forth herein.

41. Plaintiff is a member of a protected class as a person who identifies as a Black American.

42. Plaintiff requested information on the availability of the subject property for rent from the listing agent E. HALALI.

43. Upon hearing her voice and her last name, Defendant E. HALALI told the Plaintiff that the subject property had been rented, which was not true.[1]

44. When Plaintiff texted E. HALALI a few days later, to inquire about the same property, Plaintiff was informed that the property was available and set up a showing the next day. *See Exhibit B*. E. HALALI represented to Plaintiff, on the basis of race, that the subject property was not available for inspection or rental when the premises were actually available.

45. As a result of this discrimination by, Plaintiff has actual damages, psychological distress, mental anguish, grievous emotional distress, worry, frustration, and humiliation, loss of capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

---

[1] https://www.nbcnews.com/id/wbna41704238 regarding the overwhelming prevalence of "Washington" as a last name for Black Americans.

## COUNT IV—VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. §§ 1981 and 1982

46. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 above as though fully set forth herein.

47. The facts set forth above constitute violations of 42 U.S.C. §§ 1981 and 1982 in that Plaintiff was denied the right to make and enforce contracts and to lease real property because Plaintiff is Black.

**WHEREFORE,** Plaintiff demands judgment against all Defendants, to ensure that discrimination in violation of the Fair Housing Act does not occur in the future and to enjoin Defendants from discriminating against Plaintiff, and preventing discrimination to other persons based upon race or color in the future as follows:

a. That the Court declare that the actions of the Defendants violated the Fair Housing Amendments Act by discriminating against persons based on their color or race;

b. That the Court enjoin Defendants from discriminating against Plaintiff or any other person, because of because of their race or color and order the Defendants to rent the property to qualified persons or remove the offer;

c. That the Court enjoin Defendants to establish objective policies and procedures to ensure there is no further discrimination based on race or color;

d. That the Court enjoin Defendant RANDOMESELSKY TRUST to ensure that each and every residential property owned by Defendant RANDOMESELSKY TRUST to ensure that objective policies and procedures are available and enforced to prevent further discrimination.

e. An award of appropriate compensatory and punitive damages to Plaintiff KYLIE WASHINGTON, against Defendants to compensate Plaintiff for her actual damages and for the

humiliation, embarrassment and emotional distress cause by the Defendants' discriminatory actions;

f. That the Court declare that the Defendants' acts were willful and wanton and in reckless disregard of the Plaintiff's civil rights under law;

g. Order Defendant ELIYAHU AND RUSLANA HALALI to provide notices to all residents of all properties in which they manage of rights under the Fair Housing Act;

h. Order that the Defendants instruct all of its employees, agents, independent contractors and/or other persons who deal with the rental or management of any and all housing currently managed and/or controlled by Defendants, of the terms of the Court's Order and the Fair Housing Act, Fair Housing Act and implementing regulations;

i. Order that the Defendants shall maintain for inspection by Plaintiff and all other tenants at its properties, copies of the Fair Housing Act, Fair Housing Amendments Act and implementing regulations;

j. Find that Plaintiff is entitled to an award of attorneys' fees and costs, and reserve ruling as to the amounts and the applicable multiplier until the conclusion of the trial on this matter;

k. And grant any other such relief as this Court deems just and equitable.

**PLAINTIFF DEMAND A JURY TRIAL FOR ALL SUCH ISSUES SO TRIABLE IN THIS MATTER.**

Respectfully submitted on this February 6, 2023.

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, FL 33156
T: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com